RICHARD BYRNE *vs.* JOHN McDONALD.

In an action by the indorsee against the maker of a promissory note, if the payee is dead, the defendant is incompetent to testify, under *St.* 1857, *c.* 305, but the plaintiff is competent; and *St.* 1859, *c.* 230, § 2, does not apply to such a case.

CONTRACT by the indorsee against the maker of a promissory note. At the trial in the superior court the plaintiff produced the note, and rested. The defendant then offered himself as a witness; but, it being proved that the payee of the note was dead, *Ames*, J., excluded him. The defendant then introduced other evidence, in reply to which the plaintiff offered himself as a witness; but the court excluded him. The jury found for the defendant, and the plaintiff alleged exceptions.

*M. G. Cobb*, for the plaintiff.

*J. M. Randall*, for the defendant.

BIGELOW, C. J. The testimony of the defendant was rightly rejected. The payee of the note was dead. He was one of the original parties to the contract or cause of action in issue and on trial. By the express terms of the proviso in *St.* 1857, *c.* 305, § 1, the other party to the contract cannot in such case be admitted to testify in his own favor. The defendant, being the promisor of the note declared on, was clearly within the exact letter of the statute. *Little* v. *Little*, 13 Gray, 266. But it is equally clear that the plaintiff was a competent witness. He was a party to the suit, and, as such, admissible under the general rule established by the statute, unless he came within the exception contained in the proviso. But that was not applicable to him, because he was not an original party to the contract. He became a party to the note by the subsequent contract of indorsement with the payee after it had become a complete and perfect contract between the promisor and payee, who were, in the sense of the statute, the original parties. The provision in *St.* 1859, *c.* 230, § 2, was probably designed to meet a very different case from the present. It is not expressed in very intelligible terms; but we understand its main purpose was to render

25 *

an original party to a contract in issue and on trial competent as a witness, notwithstanding the other party to it was dead, in cases where it appeared that the contract was negotiated not by the deceased party himself, in whose name and behalf it purported to be made, but through an agent or attorney who was living and competent to testify. In such cases the reason for excluding the testimony of the living party when the other party to a contract is dead does not exist. *Little* v. *Little, ubi supra.* The persons who made the contract, and were cognizant of all the facts bearing on its validity, being both alive, the parties would stand on an equal footing, and there would be no injustice in permitting the surviving party to the contract to testify, because his evidence could be met by the testimony of the person who negotiated the contract for or on behalf of the deceased party. *Exceptions sustained.*